RECEIVED
2005 NOV -9 P 4: 02

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a mutual insurance company incorporated in the State of Michigan,<br><br>Plaintiff,<br><br>v.<br><br>WIREGRASS PROPERTIES, INC., a corporation; THOMAS LEONARD, an individual; JOE HUGHES, an individual; FAYE HUGHES, an individual; TOM GASSETT, an individual; and PHYLLIS GASSETT, an individual.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.: 1:05CV1082-T<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY RELIEF AND JUDGMENT

### JURISDICTIONAL ALLEGATIONS

1.  Plaintiff, Auto-Owners Insurance Company (hereinafter sometimes referred to as "Auto-Owners"), is a mutual insurance company incorporated and organized under the laws of the State of Michigan, having its principal place of business in the State of Michigan. Auto-Owners is not incorporated or organized in the State of Alabama and does not have its principal place of business in the State of Alabama. Plaintiff is authorized to do business in the State of Alabama.

2.  Defendant Wiregrass Properties, Inc., (hereinafter sometimes referred to as "Wiregrass Properties") is believed to be an Alabama corporation having its principal place of business in Houston County, State of Alabama. Wiregrass Properties is not

incorporated or organized in the State of Michigan and does not have its principal place of business in the State of Michigan.

3.    Defendant Thomas Leonard is believed to be over the age of 19 years and a resident citizen of Houston County, State of Alabama.

4.    Defendants Joe Hughes and Faye Hughes are each believed to be over the age of 19 years and resident citizens of the State of Alabama. Defendants Joe Hughes and Faye Hughes are the Plaintiffs in that certain civil action styled <u>Joe and Faye Hughes v. Global Group, Inc. d/b/a Global Development, Jarrett Palmer, Warren Palmer, et al.</u>, Case No.: CV-04-106 pending in the Circuit Court for Barbour County, Alabama, Clayton Division.

5.    Defendants Tom Gassett and Phyllis Gassett are each believed to be over the age of 19 years and resident citizens of the State of Alabama. Defendants Tom Gassett and Phyllis Gassett are the Plaintiffs in that certain civil action styled <u>Tom Gassett and Phyllis Gassett v. Global Group, Inc. d/b/a Global Development, Jarrett Palmer, Warren Palmer, et al.</u>, Case No.: CV-04-107 pending in the Circuit Court for Barbour County, Alabama, Clayton Division.

6.    The matter in controversy and which is the subject of the underlying state court action, Case No.: CV-04-106, and Count I of this complaint for declaratory relief and judgement exceeds, exclusive of interest and costs, the sum of seventy-five thousand and no/100 dollars ($75,000.00). Jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332 and the Federal Declaratory Judgment Act 29 U.S.C. §2201, et. seq.  Venue is proper pursuant to 28 U.S.C. §1391.

7.    The matter in controversy and which is the subject of the underlying state

2

court action, Case No.: CV-04-107, and Count II of this complaint for declaratory relief and judgement exceeds, exclusive of interest and costs, the sum of seventy-five thousand and no/100 dollars ($75,000.00). Jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332 and the Federal Declaratory judgment Act 29 U.S.C. §2201, et. seq.  Venue is proper pursuant to 28 U.S.C. §1391.

## COUNT I

8.  Auto-Owners adopts by reference and realleges paragraphs 1, 2 3, 4 and 6 of the Parties Section of this complaint for declaratory relief and judgment as if fully set forth herein.

9.  Auto-Owners Insurance Company is an insurance company that from 13 November 2003 to 13 November 2004 had in force a policy of insurance issued to Wiregrass Properties, Inc. The Tailored Protection Policy of insurance contained a Commercial General Liability coverage (CGL) which provided certain insurance coverage as defined and limited in the policy, against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage.  Said CGL coverage contained a number of limitations, exclusions, conditions and terms. Attached as Exhibit "1" to this complaint for declaratory relief and judgment are true and correct specimen copies of excerpted portions of the applicable CGL coverage forms and endorsements of the above-referenced Tailored Protection insurance policy (minus the declaration pages) for the policy term 13 November 2003 to 13 November 2004. The entire contents of Exhibit "1" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

10. On or about December 16, 2004, Joe Hughes and Faye Hughes filed suit in the Circuit Court for Barbour County, Alabama, Clayton Division. The suit was styled <u>Joe and Faye Hughes v. Global Group, Inc. d/b/a Global Development, Jarrett Palmer, Warren Palmer, et al.</u>, Civil Action No. CV-04-106 (hereinafter sometimes referred to as "CV-04-106" and/or the "Hughes lawsuit"). Joe Hughes and Faye Hughes filed their first amendment to the complaint in CV-04-106 on February 7, 2005 and their second amendment to the complaint was filed on June 1, 2005. In their first amendment to the complaint Joe Hughes and Faye Hughes substituted Thomas Leonard and Wiregrass Properties, Inc. for certain fictitiously named defendants. A true and correct copy of the complaint, first amendment to the complaint and second amendment to the complaint in CV-04-106 are attached hereto as Exhibit "2". The complaint, as amended, in CV-04-106 alleges breach of warranty (Count I), negligence and/or wantonness (Count II), fraudulent misrepresentation (Count III), breach of contract (Count IV), conversion (Count V), breach of an implied warranty of habitability (Count VI), conspiracy (Count VI sic), negligent and/or wanton supervision (Count VII), fraudulent misrepresentation (Count VIII), fraudulent suppression (Count IX). Defendants Thomas Leonard and Wiregrass Properties, Inc., appear to be sued and named as Defendants in CV-04-106 in only Count VI(sic) conspiracy, Count VII negligent and/or wanton supervision and Count IX fraudulent suppression. The specific allegations of Joe Hughes and Faye Hughes in CV-04-106 are set forth in Exhibit "2" to this complaint for declaratory relief and judgment.

11. It is Auto-Owners' contention and position that its policy of insurance does not provide insurance coverage for all, or alternatively most, of the claims, damages and/or allegations asserted in the Plaintiff's complaint, as amended, in the Hughes lawsuit (CV-04-

4

106). Auto-Owners also contends that some or all of the claims, damages and/or allegations asserted or demanded in the complaint, as amended, are excluded by the policy language, terms, conditions and/or exclusions contained in the policy, all of which are adopted by reference. Auto-Owners contends that it does not owe insurance coverage for the following reasons, among others:

    a.) The Commercial General Liability coverage contained in the policy (CG00011188) only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period. Further, the insurance applies to "bodily injury" and "property damage" only if caused by an "occurrence" that takes place in the "coverage territory." Because of those policy provisions, the complaint, as amended, in CV-04-106 appears to allege claims or seek damages that are not covered by the Auto-Owners Insurance policies.

    b.) The Commercial General Liability Coverage contained in the Auto-Owners policies requires that the damages because of property damage or bodily injury be caused by an occurrence. Occurrence is defined in the Commercial General Liability Coverage as being an "accident". The complaint, as amended, includes claims that do not allege an occurrence as defined in the Auto-Owners policies.

    c.) The Auto-Owners insurance policy provides in endorsement (CG001), Commercial General Liability Coverage, Section II, in part as follows:

> No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

The Plaintiffs' complaint, as amended, in CV-04-106 appears to allege or seek damages arising out of the conduct of a partnership or joint venture between Wiregrass Properties, Inc. and Thomas Leonard which was not shown as a named insured in the declarations of the policies at issue. Neither Wiregrass Properties, Inc., Thomas Leonard, nor any other person or organization is insured under the Auto-Owners insurance policies with respect to the conduct of any current or past partnership or joint venture that is not shown as a named insured in the declarations.

d.) Under the definition of "insured" contained in the Commercial General Liability Coverage, Section II, Thomas Leonard would not be insured under the Auto-Owners insurance policy for liability arising out of conduct that was not in the line and scope of his employment or duties as an officer or director of the named insured.

e.) Auto-Owners' Commercial General Liability coverage only provides coverage for damages the insured is legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the policy applies as defined and limited in the particular coverage contained in the policy. Damages claimed by Joe Hughes and Faye Hughes in CV-04-106 are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of

bodily injury, property damage, personal injury or advertising injury as defined by Auto-Owners' policy of insurance and are not covered by the Auto-Owners policies.

f.) The complaint, as amended, in CV-04-106 does not allege an advertising or personal injury offense; therefore, the complaint, as amended, does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Auto-Owners Insurance Tailored Protection policies contains exclusions which could be applicable to some or all of the claims alleged in CV-04-106 even if an advertising injury or personal injury, as defined in the policy, was alleged.

g.) The complaint, as amended, seeks damages for breach of contract. To the extent the complaint, as amended, alleges breach of contract against Thomas Leonard and/or Wiregrass Properties, Inc., certain terms, conditions, limitations and exclusions in the policy appear applicable. The Commercial General Liability Coverage of the Auto-Owners policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract". Further, Auto-Owners' policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage. The Commercial General Liability Coverage also contains a contractual liability exclusion [exclusion 2.b., Contractual Coverage Amendatory Endorsement 55069 (1-88)].

h.) Alternatively, and to the extent the complaint, as amended, may allege property damage, Exclusions j, k, l, m and/or n contained in Section I, Coverage A (Bodily Injury and Property Damage Liability) of the Commercial General Liability coverage contained in the Auto-Owners' Tailored Protection Policies may be applicable to exclude all or most of the claims for property damage that may be alleged in the lawsuit.

i.) The complaint, as amended, seeks the recovery of punitive damages which may be based on willful or intentional fraud or intentional wrongful conduct. It is Auto-Owners' position that punitive damages or compensatory damages resulting from such intentional fraud or other intentional wrongful conduct would not be covered under the policy of insurance issued by Auto-Owners or under any coverage contained in such policy.

j.) The lawsuit contains claims for willful and/or intentional wrongful conduct. Auto-Owners asserts that its policies do not provide coverage for bodily injury or property damage that would be expected or intended from the standpoint of the insured. [See exclusion 2.a., Section I, Coverage A of the Commercial General Liability Coverage.] Auto-Owners also contends that such intentional acts or intentional fraudulent conduct would not constitute an occurrence as defined in the Commercial General Liability Coverage.

k.) Auto-Owners further contends that it is against the public policy of the State of Alabama for there to be liability coverage for compensatory or punitive damages for intentional torts such as alleged in the complaint and particularly for claims of intentional fraud.

12. Conversely, Wiregrass Properties, Inc., and Thomas Leonard are believed to contend that the Auto-Owners Insurance Company's policy of insurance covers some or all of the allegations, damages and/or actions contained in the complaint.

13. Auto-Owners is currently providing a defense to Wiregrass Properties, Inc., and Thomas Leonard in the Hughes lawsuit (CV-04-106) under a full and complete reservation of rights including, without limitation, the right to withdraw the defense being provided.

14. Auto-Owners, therefore, avers that there exists between the parties a genuine controversy regarding whether there is coverage under the insurance policy in question and as to whether Auto-Owners is obligated to provide a defense or indemnity to Wiregrass Properties, Inc., and Thomas Leonard in the above-styled lawsuit filed by Joe Hughes and Faye Hughes and pending in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-106. Auto-Owners requests that the Court declare the rights, obligations and remedies of the parties herein.

**WHEREFORE,** these premises considered, Plaintiff Auto-Owners Insurance Company prays that the Court, after hearing the evidence regarding the allegations of the complaint, will enter a final judgment which orders and declares as follows:

A. That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage to Wiregrass Properties, Inc., or Thomas Leonard under any coverage in any insurance policy issued by Auto-Owners Insurance Company for any of the claims or damages asserted in the civil action filed by Joe Hughes and Faye Hughes in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-106.

B.   That Plaintiff, Auto-Owners Insurance Company, does not have a duty to defend Wiregrass Properties, Inc., or Thomas Leonard and that Auto-Owners does not have a duty to pay any damages, judgment or settlement based on the events alleged in the civil action filed by Joe Hughes and Faye Hughes in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-106.

C.   That Plaintiff, Auto Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Defendants, Wiregrass Properties, Inc., or Thomas Leonard for any of the claims or damages set forth in the complaint, as amended, and lawsuit filed in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-106.

D.   Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Plaintiff, Auto-Owners Insurance Company, to Defendants, Wiregrass Properties, Inc., and Thomas Leonard.

E.   That the Court grant such other, further, different or appropriate relief to which Plaintiff, Auto-Owners Insurance Company, may be entitled under these premises considered.

## COUNT II

15.   Auto-Owners adopts by reference and realleges paragraphs 1, 2, 3, 5, and 7 of the Parties Section of this complaint for declaratory relief and judgment as if fully set forth herein.

16.   Auto-Owners Insurance Company is an insurance company that from 13 November 2003 to 13 November 2004 had in force a policy of insurance issued to

10

Wiregrass Properties, Inc. The Tailored Protection Policy of insurance contained a Commercial General Liability coverage (CGL) which provided certain insurance coverage as defined and limited in the policy, against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage. Said CGL coverage contained a number of limitations, exclusions, conditions and terms. Attached as Exhibit "1" to this complaint for declaratory relief and judgment are true and correct specimen copies of excerpted portions of the applicable CGL coverage forms and endorsements of the above-referenced Tailored Protection insurance policy (minus the declaration pages) for the policy term 13 November 2003 to 13 November 2004. The entire contents of Exhibit "1" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

17.    On or about December 16, 2004, Tom Gassett and Phyllis Gassett filed suit in the Circuit Court for Barbour County, Alabama, Clayton Division. The suit was styled <u>Tom Gassett and Phyllis Gassett v. Global Group, Inc. d/b/a Global Development, Jarrett Palmer, Warren Palmer, et al.</u>, Civil Action No. CV-04-107 (hereinafter sometimes referred to as "CV-04-107" and/or the "Gassett lawsuit"). Tom Gassett and Phyllis Gassett filed their first amendment to the complaint in CV-04-107 on February 7, 2005 and their second amendment to the complaint was filed on June 1, 2005. In their first amendment to the complaint, Tom Gassett and Phyllis Gassett substituted Thomas Leonard and Wiregrass Properties, Inc. for certain fictitiously named defendants. A true and correct copy of the complaint, first amendment to the complaint and second amendment to the complaint in CV-04-107 are attached hereto as Exhibit "3". The complaint, as amended, in CV-04-107

alleges negligence and/or wantonness (Count I), fraudulent misrepresentation (Count II), breach of contract (Count III), conversion (Count V), breach of an implied warranty of habitability (Count VI), conspiracy (Count VI sic), negligent and/or wanton supervision (Count VII), fraudulent misrepresentation (Count VIII), fraudulent suppression (Count IX). Defendants Thomas Leonard and Wiregrass Properties, Inc., appear to be sued and named as Defendants in CV-04-107 in only Count VI(sic) conspiracy, Count VII negligent and/or wanton supervision, and Count IX fraudulent suppression. The specific allegations of Tom Gassett and Phyllis Gassett in CV-04-107 are set forth in Exhibit "3" to this complaint for declaratory relief and judgment.

18. It is Auto-Owners' contention and position that its policy of insurance does not provide insurance coverage for all, or alternatively most, of the claims, damages and/or allegations asserted in the Plaintiff's complaint, as amended, in the Gassett lawsuit (CV-04-107). Auto-Owners also contends that some or all of the claims, damages and/or allegations asserted or demanded in the complaint, as amended, are excluded by the policy language, terms, conditions and/or exclusions contained in the policy, all of which are adopted by reference. Auto-Owners contends that it does not owe insurance coverage for the following reasons, among others:

 a.) The Commercial General Liability coverage contained in the policy (CG00011188) only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period. Further, the insurance applies to "bodily injury" and "property

damage" only if caused by an "occurrence" that takes place in the "coverage territory." Because of those policy provisions, the complaint, as amended, in CV-04-107 appears to allege claims or seek damages that are not covered by the Auto-Owners Insurance policies.

b.) The Commercial General Liability Coverage contained in the Auto-Owners policies requires that the damages because of property damage or bodily injury be caused by an occurrence. Occurrence is defined in the Commercial General Liability Coverage as being an "accident". The complaint includes claims that do not allege an occurrence as defined in the Auto-Owners policies.

c.) The Auto-Owners insurance policy provides in endorsement (CG001), Commercial General Liability Coverage, Section II, in part as follows:

> No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

The Plaintiffs' complaint, as amended, in CV-04-107 appears to allege or seek damages arising out of the conduct of a partnership or joint venture which was not shown as a named insured in the declarations of the policies at issue. Neither Wiregrass Properties, Inc., Thomas Leonard, nor any other person or organization is insured under the Auto-Owners insurance policies with respect to the conduct of any current or past partnership or joint venture that is not shown as a named insured in the declarations.

d.) Under the definition of "Insured" contained in the Commercial General

        Liability Coverage, Section II, Thomas Leonard would not be insured under the Auto-Owners insurance policy for liability arising out of conduct that was not in the line and scope of his employment or duties as an officer or director of the named insured.

e.) Auto-Owners' Commercial General Liability coverage only provides coverage for damages the insured is legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the policy applies as defined and limited in the particular coverage contained in the policy. Damages claimed by Tom Gassett and Phyllis Gassett in CV-04-107 are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of bodily injury, property damage, personal injury or advertising injury as defined by Auto-Owners' policy of insurance and are not covered by the Auto-Owners policies.

f.) The complaint does not allege an advertising or personal injury offense; therefore, the complaint does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Auto-Owners Insurance Tailored Protection policies contains exclusions which could be applicable to some or all of the claims alleged in CV-04-107 even if an advertising injury or personal injury, as defined in the policy, was alleged.

g.) The complaint, as amended, seeks damages for breach of contract. To the extent the complaint, as amended, alleges breach of contract against Thomas Leonard and/or Wiregrass Properties, Inc., certain terms,

conditions, limitations and exclusions in the policy appear applicable. The Commercial General Liability Coverage of the Auto-Owners policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract". Further, Auto-Owners' policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage. The Commercial General Liability Coverage also contains a contractual liability exclusion [exclusion 2.b., Contractual Coverage Amendatory Endorsement 55069 (1-88)].

h.) Alternatively, and to the extent the complaint, as amended, may allege property damage, Exclusions j, k, l, m and/or n contained in Section I, Coverage A (Bodily Injury and Property Damage Liability) of the Commercial General Liability coverage contained in the Auto-Owners' Tailored Protection Policies may be applicable to exclude all or most of the claims for property damage that may be alleged in the lawsuit.

i.) The complaint, as amended, seeks the recovery of punitive damages which may be based on willful or intentional fraud or intentional wrongful conduct. It is Auto-Owners' position that punitive damages or compensatory damages resulting from such intentional fraud or other intentional wrongful conduct would not be covered under the policy of insurance issued by Auto-Owners or under any coverage contained in such policy.

j.) The lawsuit contains claims for willful and/or intentional wrongful conduct.

        Auto-Owners asserts that its policies do not provide coverage for bodily injury or property damage that would be expected or intended from the standpoint of the insured. [See exclusion 2.a., Section I, Coverage A of the Commercial General Liability Coverage.] Auto-Owners also contends that such intentional acts or intentional fraudulent conduct would not constitute an occurrence as defined in the Commercial General Liability Coverage.

k.)     Auto-Owners further contends that it is against the public policy of the State of Alabama for there to be liability coverage for compensatory or punitive damages for intentional torts such as alleged in the complaint, as amended, and particularly for claims of intentional fraud.

19.     Conversely, Wiregrass Properties, Inc., and Thomas Leonard are believed to contend that the Auto-Owners Insurance Company's policy of insurance covers some or all of the allegations, damages and/or actions contained in the complaint, as amended.

20.     Auto-Owners is currently providing a defense to Wiregrass Properties, Inc., and Thomas Leonard in the Gassett lawsuit (CV-04-107) under a full and complete reservation of rights including, without limitation, the right to withdraw the defense being provided.

21.     Auto-Owners, therefore, avers that there exists between the parties a genuine controversy regarding whether there is coverage under the insurance policy in question and as to whether Auto-Owners is obligated to provide a defense or indemnity to Wiregrass Properties, Inc., and Thomas Leonard in the above-styled lawsuit filed by Tom Gassett and Phyllis Gassett and pending in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-107. Auto-Owners requests that the Court

declare the rights, obligations and remedies of the parties herein.

**WHEREFORE,** these premises considered, Plaintiff Auto-Owners Insurance Company prays that the Court, after hearing the evidence regarding the allegations of the complaint, will enter a final judgment which orders and declares as follows:

    A.    That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage to Wiregrass Properties, Inc., or Thomas Leonard under any coverage in any insurance policy issued by Auto-Owners Insurance Company for any of the claims or damages asserted in the civil action filed by Tom Gassett and Phyllis Gassett in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-107.

    B.    That Plaintiff, Auto-Owners Insurance Company, does not have a duty to defend Wiregrass Properties, Inc., or Thomas Leonard and that Auto-Owners does not have a duty to pay any damages, judgment or settlement based on the events alleged in the civil action filed by Tom Gassett and Phyllis Gassett in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-107.

    C.    That Plaintiff, Auto Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Defendants, Wiregrass Properties, Inc., or Thomas Leonard for any of the claims or damages set forth in the complaint, as amended, and lawsuit filed in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-107.

    D.    Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Plaintiff, Auto-Owners Insurance Company, to

Defendants, Wiregrass Properties, Inc., and Thomas Leonard.

E.   That the Court grant such other, further, different or appropriate relief to which Plaintiff, Auto-Owners Insurance Company, may be entitled under these premises considered.

*[signature]*
Roger S. Morrow, MOR032

*[signature]*
Joel H. Pearson, PEA019
Attorneys for Plaintiff, Auto-Owners Insurance Company

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:   (334) 262-7707
Facsimile:   (334) 262-7742

**Plaintiff requests that the Defendants be served by certified mail at the following addresses:**

| | |
|---|---|
| Wiregrass Properties, Inc.<br>c/o Richard Ramsey, III, Registered Agent<br>401 North Alice Street<br>Dothan, AL 36303 | Thomas Leonard<br>P.O. Box 2253<br>Dothan, AL 36302 |
| Joe Hughes<br>3200 Clardy Road<br>Dothan, AL 36303 | Faye Hughes<br>3200 Clardy Road<br>Dothan, AL 36303 |
| Tom Gassett<br>326 Kirkwood Drive<br>Dothan, AL 36303 | Phyllis Gassett<br>326 Kirkwood Drive<br>Dothan, AL 36303 |