# EXHIBIT 2

<u>IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA</u>
<u>CLAYTON DIVISION</u>

FILED
DEC 16 2004
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

JOE AND FAYE HUGHES,                )
                                    )
        Plaintiffs,                 )
                                    )
-vs-                                )   CIVIL ACTION NO.
                                    )   CV-2004 0106
GLOBAL GROUP, INC. D/B/A GLOBAL     )
DEVELOPMENT, JARRETT                )
PALMER, WARREN PALMER,              )
and fictitious defendants, A, B, C, and D, )
those corporations, partnerships, other business )
entities, or individuals who are the successors in )
interest to any named defendant, and fictitious )
defendants E, F, G, H, and I, those corporations, )
partnerships, other business entities, or         )
individuals who conspired with the named          )
defendants to further the conduct described in    )
the complaint, or who acted either independently  )
or participated with others to commit the         )
wrongful conduct complained of in the complaint,) 
                                    )
        Defendants.                 )

## COMPLAINT

### Parties

1.  Plaintiffs Joe and Faye Hughes are adult resident citizens of Houston County, Alabama.

2.  Defendant Jarrett Palmer is an adult resident citizen of Houston County, Alabama who, at all times pertinent hereto, was doing business in Barbour County, Alabama.

3.  Defendant Warren Palmer is an adult resident citizen of Houston County, Alabama who, at all times pertinent hereto, was doing business in Barbour County, Alabama.

4. Defendant Global Development is a domestic corporation that does business in Barbour County, Alabama.

5. Fictitious Defendants, A, B, C, and D are those corporations, partnerships, other business entities or individuals who are the successors in interest to any named Defendant and whose true and correct identities are unknown to the Plaintiff at this time, but which will be substituted by amendment when ascertained.

6. Fictitious Defendants F, G, H, and I are those corporations, partnerships, other business entities or individuals who conspired with any of the named Defendants to further the conduct described in the complaint and/or who acted either independently or participated with others to commit the wrongful conduct complained of in the complaint, whose true and correct identities are unknown to the Plaintiff at this time, but which will be substituted by amendment when ascertained.

## Statement of the Facts

7. In the fall of 2003, the Plaintiffs contracted with the Defendants Warren Palmer, Jarrett Palmer, and Global Development to construct a new home for the Plaintiffs pursuant to specific plans and designs provided by the Plaintiffs to the Defendants. The Defendants agreed to construct this house in accordance with the plans and specifications provided by them by the Plaintiffs and also in compliance with the generally applicable building codes. The Defendants represented to the Plaintiffs that they were qualified to complete the construction on the home and would construct the home in accordance with the generally applicable building codes. At this time, the Plaintiffs were citizens of Barbour County, Alabama, and all negotiations took place either in Barbour County or over the phone with the Plaintiffs located in Barbour County.

8. The Defendants told the Plaintiffs that their home would be completed within three months.

9. In October 2004, the Plaintiffs, with the encouragement of the Defendants, moved into their home even though the Defendants had not completed construction on the home. During the summer of 2004, the Defendants continued working on the Plaintiffs' home but did not complete it.

10. During the Summer and Fall of 2004, the Plaintiffs noticed many defects and deficiencies in their home. They immediately contacted the Defendants and informed them of these problems.

11. Since the Fall of 2004, the Plaintiffs have continued to notice new and developing problems with their home. The Defendants have been notified of these problems but refuse to repair them.

12. The Defendant Global Development issued a one-year warranty with this home wherein the Defendant Wiregrass agreed to repair any problems discovered in the home during the first year of ownership.

13. The Plaintiffs did not and could not have discovered the defects and deficiencies in their home prior to moving into their home.

14. The Plaintiff promptly and repeatedly notified the Defendants of the problems in their home and requested that those problems be repaired. Many, many problems were reported to the Palmers and other employees of Defendant Wiregrass. Some attempts were made to repair the minor problems, but none have been successful.

15. Defendants knew or should have known that the house had not been constructed according to applicable industry standards, in a workmanlike manner, and that it was not habitable for the purpose constructed.

16. Many of the problems cannot be fixed and the cost of attempts to properly repair the house will be astronomical.

## Count I

### Breach of Warranty

17. Plaintiffs incorporate paragraphs 1 through 16 above as if fully set forth herein.

18. The Plaintiffs, incident to the purchase of said house, received certain express and implied warranties. Said warranties issued by Defendant Global Development provided that the house was built and constructed according to the plans and specifications, constructed according to applicable industry standards, constructed in a workmanlike manner, constructed in a habitable fashion, constructed for a particular purpose (i.e., as a residence for the use and enjoyment of the Plaintiffs), and repaired and/or modified as necessary to comply with said warranties. Defendant Global Development further warranted the repair work that was attempted by it or on its behalf.

19. This Defendant has breached said warranties by failing to construct the house according to the plans and specifications, according to the applicable industry standards, in a workmanlike manner, and to be habitable for the purpose constructed, and have otherwise failed to timely and appropriately remedy the defects and substandard construction in the house according to the warranties issued to the Plaintiffs and according to the statutory and common law of the State of Alabama.

20. As the direct and proximate result of the Defendant's breaches of warranties, express and implied, the Plaintiffs have suffered a devaluation in their house, have lost the use and enjoyment of their house, have suffered and will continue to suffer extreme mental anguish and emotional distress, have suffered numerous incidental and consequential damages associated with the breaches, and have otherwise been damaged and harmed.

## Count II

### Negligence and/or Wantonness

21. Plaintiffs reallege paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. The Defendants, separately and severally, undertook a duty to build the subject house in accordance with all applicable standards, codes and specifications.

23. The Defendants negligently and/or wantonly built said house, including examination of the site, preparation of the site and building the foundation. As a direct and proximate result of the negligence and/or wantonness of the Defendants, the Plaintiffs were injured and damaged as set forth above.

## Count III

### Fraudulent Misrepresentation

24. Plaintiffs reallege paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. The Defendants represented to the Plaintiffs that they would insure that their home was built to the specifications set forth in the plans provided by the Plaintiffs to the Defendant. These representations took place in Barbour County, Alabama.

5

26. The home built by the Defendants was not built in accordance with these specifications but, instead, was built with significant defects and deficiencies.

27. The Defendants further represented that they would build the home for an agreed upon price and that the agreed upon price included paying for all materials. These representations took place in Barbour County, Alabama.

28. The Plaintiffs have since learned that mechanic's liens have been placed against their home.

29. The Plaintiffs would not have retained the services of the Defendants to build their house absent the Defendants' representations.

30. As a direct and proximate result of the fraudulent acts of these Defendants, the Plaintiffs were injured and damaged as alleged above.

## Count IV

### Breach of Contract

31. Plaintiffs reallege paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. The Plaintiffs and the Defendant Global Development entered into a contract wherein the Defendant agreed to build a home for the Plaintiff for $149,000.000. This contract was entered into in Barbour County, Alabama.

33. Defendant Global Development breached that contract by failing to adequately complete construction on the Plaintiffs' home.

34. As a result of the Defendant's breach of contract, the Plaintiffs were injured and damaged as alleged above.

## Count V

## CONVERSION

35. Plaintiffs reallege paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Defendant converted to their own use, unlawfully and without the knowledge or consent of the Plaintiffs, and the Plaintiff's money for the construction of their home.

37. As a result of the Defendant's conversion of Plaintiff's money Plaintiffs were injured and damaged as alleged above.

## Count VI

### Breach Of An Implied Warranty Of Habitability

38. Plaintiffs reallege paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. The Plaintiffs purchased a new residence from the Defendant Global Development which the Defendant Global Development constructed.

40. The Plaintiffs' home was constructed by the Defendant Global Development for purposes of sale and was sold in a defective condition, which defective condition impaired the intended use of the residence, namely, inhabitation.

41. By reason of the defective condition, the Plaintiffs suffered damages as alleged above.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. In such an amount of compensatory damages as will reasonably and adequately compensate them for their injuries and damages;

B. In such an amount of punitive damages as will reflect the enormity of the wrongs committed by the Defendants and will deter the Defendants and others from committing similar wrongful acts in the future;

C. Their costs in this action; and,

D. Such other relief as this Court finds is appropriate.

_____
L. SHANE SEABORN (SEA027)
ATTORNEY FOR THE PLAINTIFFS

OF COUNSEL:

PENN & SEABORN, L.L.C.
POST OFFICE BOX 688
CLAYTON, ALABAMA 36016
(334) 775-9778

_____
CHRISTINA D. CROW (CRO064)
ATTORNEY FOR THE PLAINTIFFS

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, ALABAMA 36089
(334) 738-4225

## JURY DEMAND

PLAINTIFFS DEMAND A STRUCK JURY FOR ALL ISSUES IN THIS CAUSE.

_____
OF COUNSEL

8

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### CLAYTON DIVISION

| | |
|---|---|
| JOE AND FAYE HUGHES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | CIVIL ACTION NO. |
| ) | CV-04-106 |
| GLOBAL GROUP, INC. d/b/a ) | |
| GLOBAL DEVELOPMENT, JARRETT ) | |
| PALMER, WARREN PALMER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

FILED FEB 07 2005
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

### PLAINTIFFS' FIRST AMENDMENT TO THE COMPLAINT

COME NOW the Plaintiffs, by and through their counsel of record, and amend their complaint as originally filed as follows:

1.  The Plaintiffs substitute Thomas Leonard for fictitious Defendant A. Defendant Leonard is an adult resident citizen of Houston County, Alabama whose address for service is 707 N. Pontiac Avenue, Dothan, AL 36303-3227. At all times pertinent hereto, Defendant Leonard was acting as a principal or agent for the other named defendants herein.

2.  The Plaintiffs substitute IPI Skyscraper, a division of MortgageIT, Inc. for fictitious Defendant B. Defendant IPI Skyscraper is a foreign corporation whose address for service is 33 Maiden Lane, 6th Floor, New York, NY 10038. At all times pertinent hereto, Defendant IPI Skyscraper was acting as a principal or agent for the other named defendants herein.

3.  The Plaintiffs substitute Wiregrass Properties, Inc. for fictitious Defendant C. Defendant Wiregrass is a domestic corporation whose agent and address for service

is Richard Ramsey, III, 401 N. Alice Street, Dothan, AL 36303. At all times pertinent hereto, Defendant Wiregrass was acting as a principal or agent for the other named defendants herein.

## COUNT VI

## CONSPIRACY

4. The Plaintiffs reallege all counts and contentions in their original complaint as if set out here in full.

5. The Defendants Leonard, Wiregrass, and IPI Skyscraper conspired with the Defendants Global Group, Inc., Jarrett Palmer, and Warren Palmer to deprive the Plaintiffs of their money and their home.

6. Each of the Defendants benefited from this conspiracy.

7. As a result of the Defendants' conspiracy, the Plaintiffs have been injured and damaged as set forth in their original complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. In such an amount of compensatory damages as will reasonably and adequately compensate them for their injuries and damages;

B. In such an amount of punitive damages as will reflect the enormity of the wrongs committed by the Defendants and will deter the Defendants and others from committing similar wrongful acts in the future;

C. Their costs in this action; and,

D. Such other relief as this Court finds is appropriate.

*L. Shane Seaborn* /cdc

L. SHANE SEABORN (SEA027)
ATTORNEY FOR THE PLAINTIFFS

OF COUNSEL:

PENN & SEABORN, L.L.C.
POST OFFICE BOX 688
CLAYTON, ALABAMA 36016
(334) 775-9778

*[signature]*
CHRISTINA D. CROW (CRO064)
ATTORNEY FOR THE PLAINTIFFS

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, ALABAMA 36089
(334) 738-4225

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following parties by placing a copy of same in the U.S. Mail on this the 4 day of Feb., 2005.

Jarrett Palmer
806 Highland Street
Dothan, AL 36301

Warren Palmer
103 Yale Court
Dothan, AL 36303

*[signature]*
OF COUNSEL

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | |
|---|---|
| JOE AND FAYE HUGHES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | CIVIL ACTION NO. |
| ) | CV-04-106 |
| GLOBAL GROUP, INC. d/b/a ) | |
| GLOBAL DEVELOPMENT, JARRETT ) | |
| PALMER, WARREN PALMER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

*FILED JUN 0 1 2005 DAVID S. NIX, CLERK BARBOUR COUNTY, ALABAMA*

## PLAINTIFFS' SECOND AMENDMENT TO THE COMPLAINT

COME NOW the Plaintiffs, by and through their counsel of record, and amend their complaint as previously filed as follows:

1. The Defendant IPI Skyscraper is a mortgage institution that provides financing to individuals and businesses.

2. In March of 2003, the Defendants Global Group, Inc., Jarrett Palmer, and Warren Palmer told the Plaintiffs that they could arrange financing for their home through the Defendant IPI Skyscraper.

3. Based on this conversation, the Plaintiffs talked with representatives of the Defendant IPI Skyscraper.

4. The Plaintiffs were told in this conversation that the Defendant IPI Skyscraper would loan them $100,000 at an interest rate of 1.9%.

5. The Plaintiffs agreed to accept this loan and the Defendant IPI Skyscraper told them they were approved for that loan.

6. The Defendant IPI Skyscraper never intended to give the Plaintiffs a loan for $100,000 at an interest rate of 1.9%.

7. Once the Plaintiffs began discovering the problems with their home and that liens existed against their home despite the fact that the Plaintiffs had paid the Defendants Global Group, Inc., Jarrett Palmer, and Warren Palmer for the full price of the home, representatives of IPI Skyscraper again contacted the Plaintiffs.

8. During these conversations, representatives of IPI Skyscraper told the Plaintiffs that they did not need to worry about the liens against their home and that IPI Skyscraper would take care of the liens. The representatives of IPI Skyscraper also told the Plaintiffs that it was a misunderstanding between the Plaintiffs and the Defendants Global Group, Inc., Jarrett Palmer, and Warren Palmer and that IPI Skyscraper would "take care of it".

9. The Plaintiffs relied on these various representations to their detriment.

## COUNT VII

## NEGLIGENT AND/OR WANTON SUPERVISION

10. The Plaintiffs reallege all counts and contentions in their original and amended complaints as if set out here in full.

11. The Defendants Leonard, Wiregrass, and IPI Skyscraper had a duty to supervise their agents and employees, including the Defendants Global Group, Inc., Jarrett Palmer, and Warren Palmer.

12. The Defendants Leonard, Wiregrass, and IPI Skyscraper negligently and/or wantonly failed to adequately supervise the Defendants Global Group, Inc., Jarrett

Palmer, and Warren Palmer so that they were allowed to commit the wrongful acts complained of in the original complaint.

13. As a result of the Defendants' negligence and/or wantonness, the Plaintiffs have been injured and damaged as set forth in their original complaint.

## COUNT VIII

### FRAUDULENT MISREPRESENTATION

14. The Plaintiffs reallege all counts and contentions in their original and amended complaints as if set out here in full.

15. Defendant IPI Skyscraper fraudulently misrepresented material facts to the Plaintiffs as set forth above.

16. The Plaintiffs relied on those representations in making their decision to continue to make payments to the Defendants Global Group, Inc., Jarrett Palmer, and Warren Palmer for their home.

17. As a result of the Defendant's material misrepresentations, the Plaintiffs have been injured and damaged as set forth in their original complaint.

## COUNT IX

### FRAUDULENT SUPPRESSION

18. The Plaintiffs reallege all counts and contentions in their original and amended complaints as if set out here in full.

19. The Defendants Leonard and Wiregrass suppressed material facts from the Plaintiffs, including that they were in business with the Defendants Global Group, Inc., Jarrett Palmer, and Warren Palmer.

20. The Plaintiffs would not have allowed the Defendants Global Group, Inc., Jarrett Palmer, and Warren Palmer to purchase the materials for their home from the Defendants Leonard and Wiregrass if they had known the truth.

21. As a result of the Defendant's suppression of material facts, the Plaintiffs have been injured and damaged as set forth in their original complaint

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. In such an amount of compensatory damages as will reasonably and adequately compensate them for their injuries and damages;

B. In such an amount of punitive damages as will reflect the enormity of the wrongs committed by the Defendants and will deter the Defendants and others from committing similar wrongful acts in the future;

C. Their costs in this action; and,

D. Such other relief as this Court finds is appropriate.

L. SHANE SEABORN (SEA027)
ATTORNEY FOR THE PLAINTIFFS

OF COUNSEL:

PENN & SEABORN, L.L.C.
POST OFFICE BOX 688
CLAYTON, ALABAMA 36016
(334) 775-9778

CHRISTINA D. CROW (CRO064)
ATTORNEY FOR THE PLAINTIFFS

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.

POST OFFICE BOX 350
UNION SPRINGS, ALABAMA 36089

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following parties by placing a copy of same in the U.S. Mail on this the ___ day of June, 2005.

Leon A. Boyd
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302

Russell L. Irby
Attorney at Law
Post Office Box 910
Eufaula, Alabama 36072

Jarrett Palmer
806 Highland Street
Dothan, Alabama 36301

Warren Palmer
103 Yale Court
Dothan, Alabama 36303

_____
OF COUNSEL