IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2005 DEC -5 P 4: 22

. . . . . . . . . .
. . . . . . . . . . .
. . . . . DISTRICT AL. .

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY, a mutual insurance company incorporated in the State of Michigan,** ) ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **CIVIL ACTION NO.: 1:05-cv-1082-T** |
| **WIREGRASS PROPERTIES, INC., a corporation; THOMAS LEONARD, an individual; JOE HUGHES, an individual; FAYE HUGHES, an individual; TOM GASSETT, an individual; and PHYLLIS GASSETT, an individual.** ) ) ) ) ) ) ) ) | |
| **Defendants.** ) ) ) | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND JUDGMENT

**COMES NOW**, Plaintiff, Auto-Owners Insurance Company, and pursuant to Rule

15, *Federal Rules of Civil Procedure*, and prior to a responsive pleading to Plaintiff's

Complaint having been served, and files Plaintiff's First Amended Complaint for

Declaratory Relief and Judgment, as follows:

### JURISDICTIONAL ALLEGATIONS

1.    Plaintiff, Auto-Owners Insurance Company (hereinafter sometimes referred

to as "Auto-Owners"),is a mutual insurance company incorporated and organized under

the laws of the State of Michigan, having its principal place of business in the State of

Michigan.  Auto-Owners is not incorporated or organized in the State of Alabama and does

not have its principal place of business in the State of Alabama. Plaintiff is authorized to

do business in the State of Alabama.

2.    Defendant Wiregrass Properties, Inc., (hereinafter sometimes referred to as "Wiregrass Properties") is believed to be an Alabama corporation having its principal place of business in Houston County, State of Alabama.    Wiregrass Properties is not incorporated or organized in the State of Michigan and does not have its principal place of business in the State of Michigan.

3.    Defendant Thomas Leonard is believed to be over the age of 19 years and a resident citizen of Houston County, State of Alabama.

4.    Defendants Joe Hughes and Faye Hughes are each believed to be over the age of 19 years and resident citizens of the State of Alabama. Defendants Joe Hughes and Faye Hughes are the Plaintiffs in that certain civil action styled Joe and Faye Hughes v. Global Group, Inc. d/b/a Global Development, Jarrett Palmer, Warren Palmer, et al., Case No.: CV-04-106 pending in the Circuit Court for Barbour County, Alabama, Clayton Division.

5.    Defendants Tom Gassett and Phyllis Gassett are each believed to be over the age of 19 years and resident citizens of the State of Alabama. Defendants Tom Gassett and Phyllis Gassett are the Plaintiffs in that certain civil action styled Tom Gassett and Phyllis Gassett v. Global Group, Inc. d/b/a Global Development, Jarrett Palmer, Warren Palmer, et al., Case No.: CV-04-107 pending in the Circuit Court for Barbour County, Alabama, Clayton Division.

6.    The matter in controversy and which is the subject of the underlying state court action, Case No.: CV-04-106, and Count I of this complaint for declaratory relief and judgement exceeds, exclusive of interest and costs, the sum of seventy-five thousand and

2

no/100 dollars ($75,000.00). Jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332 and the Federal Declaratory Judgment Act 29 U.S.C. §2201, et. seq. Venue is proper pursuant to 28 U.S.C. §1391.

7.    The matter in controversy and which is the subject of the underlying state court action, Case No.: CV-04-107, and Count II of this complaint for declaratory relief and judgement exceeds, exclusive of interest and costs, the sum of seventy-five thousand and no/100 dollars ($75,000.00). Jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332 and the Federal Declaratory judgment Act 29 U.S.C. §2201, et. seq. Venue is proper pursuant to 28 U.S.C. §1391.

## COUNT I

8.    Auto-Owners adopts by reference and realleges paragraphs 1, 2 3, 4 and 6 of the Parties Section of this complaint for declaratory relief and judgment as if fully set forth herein.

9.    Auto-Owners Insurance Company is an insurance company that from 13 November 2003 to 13 November 2004 had in force a policy of insurance issued to Wiregrass Properties, Inc. The Tailored Protection Policy of insurance contained a Commercial General Liability coverage (CGL) which provided certain insurance coverage as defined and limited in the policy, against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage.    Said CGL  coverage contained a number of limitations, exclusions, conditions and terms. Attached as Exhibit "1" to this complaint for declaratory relief and judgment are true and correct specimen copies of excerpted portions of the applicable CGL coverage forms and endorsements of

3

the above-referenced Tailored Protection insurance policy (with limits of liability and policy premiums deleted or obscured) for the policy term 13 November 2003 to 13 November 2004. The entire contents of Exhibit "1" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

10.    On or about December 16, 2004, Joe Hughes and Faye Hughes filed suit in the Circuit Court for Barbour County, Alabama, Clayton Division. The suit was styled Joe and Faye Hughes v. Global Group, Inc. d/b/a Global Development, Jarrett Palmer, Warren Palmer, et al., Civil Action No. CV-04-106 (hereinafter sometimes referred to as "CV-04-106" and/or the "Hughes lawsuit"). Joe Hughes and Faye Hughes filed their first amendment to the complaint in CV-04-106 on February 7, 2005 and their second amendment to the complaint was filed on June 1, 2005. In their first amendment to the complaint Joe Hughes and Faye Hughes substituted Thomas Leonard and Wiregrass Properties, Inc. for certain fictitiously named defendants. A true and correct copy of the complaint, first amendment to the complaint and second amendment to the complaint in CV-04-106 are attached hereto as Exhibit "2". The complaint, as amended, in CV-04-106 alleges breach of warranty (Count I), negligence and/or wantonness (Count II), fraudulent misrepresentation (Count III), breach of contract (Count IV), conversion (Count V), breach of an implied warranty of habitability (Count VI), conspiracy (Count VI sic), negligent and/or wanton supervision (Count VII), fraudulent misrepresentation (Count VIII), fraudulent suppression (Count IX). Defendants Thomas Leonard and Wiregrass Properties, Inc., appear to be sued and named as Defendants in CV-04-106 in only Count VI(sic) conspiracy, Count VII negligent and/or wanton supervision and Count IX fraudulent suppression. The specific allegations of Joe Hughes and Faye Hughes in CV-04-106 are

4

set forth in Exhibit "2" to this complaint for declaratory relief and judgment.

11.    It is Auto-Owners' contention and position that its policy of insurance does not provide insurance coverage for all, or alternatively most, of the claims, damages and/or allegations asserted in the Plaintiff's complaint, as amended, in the Hughes lawsuit (CV-04-106).  Auto-Owners also contends that some or all of the claims, damages and/or allegations asserted or demanded in the complaint, as amended, are excluded by the policy language, terms, conditions and/or exclusions contained in the policy, all of which are adopted by reference. Auto-Owners contends that it does not owe insurance coverage for the following reasons, among others:

a.)    The Commercial General Liability coverage contained in the policy (CG00011188) only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period.  Further, the insurance applies to "bodily injury" and "property damage" only if caused by an "occurrence" that takes place in the "coverage territory."  Because of those policy provisions, the complaint, as amended, in CV-04-106 appears to allege claims or seek damages that are not covered by the Auto-Owners Insurance  policies.

b.)    The Commercial General Liability Coverage contained in the Auto-Owners policies requires that the damages because of property damage or bodily injury be caused by an occurrence.  Occurrence is defined in the Commercial General Liability Coverage as being an "accident".   The

5

complaint, as amended, includes claims that do not allege an occurrence as
defined in the Auto-Owners policies.

c.)   The Auto-Owners insurance policy provides in endorsement (CG001),
Commercial General Liability Coverage, Section II, in part as follows:

> No person or organization is an insured with
> respect to the conduct of any current or past
> partnership or joint venture that is not shown as
> a Named Insured in the Declarations.

The Plaintiffs' complaint, as amended, in CV-04-106 appears to allege or
seek damages arising out of the conduct of a partnership or joint venture
which was not shown as a named insured in the declarations of the policies
at issue. Neither Wiregrass Properties, Inc., Thomas Leonard, nor any other
person or organization is insured under the Auto-Owners insurance policies
with respect to the conduct of any current or past partnership or joint venture
that is not shown as a named insured in the declarations.

d.)   Under the definition of "insured" contained in the Commercial General
Liability Coverage, Section II, Thomas Leonard would not be insured under
the Auto-Owners insurance policy for liability arising out of conduct that was
not in the line and scope of his employment or duties as an officer or director
of the named insured.

e.)   Auto-Owners' Commercial General Liability coverage only provides coverage
for damages the insured is legally obligated to pay because of bodily injury,
property damage, personal injury or advertising injury to which the policy
applies as defined and limited in the particular coverage contained in the

6

policy.  Damages claimed by Joe Hughes and Faye Hughes in CV-04-106 are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of bodily injury,  property damage, personal injury or advertising injury as defined by Auto-Owners' policy of insurance and are not covered by the Auto-Owners policies.

f.)    The complaint, as amended, in CV-04-106 does not allege an advertising or personal injury offense;  therefore, the complaint, as amended, does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Auto-Owners Insurance Tailored Protection policies contains exclusions which could be applicable to some or all of the claims alleged in CV-04-106 even if an advertising injury or personal injury, as defined in the policy, was alleged.

g.)    The complaint, as amended, seeks damages for breach of contract.  To the extent the complaint, as amended, alleges breach of contract against Thomas Leonard and/or Wiregrass Properties, Inc., certain terms, conditions, limitations and exclusions in the policy appear applicable.  The Commercial General Liability Coverage  of the Auto-Owners policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract".  Further, Auto-Owners' policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage.  The Commercial

7

General Liability Coverage also contains a contractual liability exclusion [exclusion 2.b., Contractual Coverage Amendatory Endorsement 55069 (1-88)].

h.)    Alternatively, and to the extent the complaint, as amended, may allege property damage, Exclusions j, k, l, m and/or n contained in Section I, Coverage A (Bodily Injury and Property Damage Liability) of the Commercial General Liability coverage contained in the Auto-Owners' Tailored Protection Policies may be applicable to exclude all or most of the claims for property damage that may be alleged in the lawsuit.

i.)    The complaint, as amended, seeks the recovery of punitive damages which may be based on willful or intentional fraud or intentional wrongful conduct. It is Auto-Owners' position that punitive damages or compensatory damages resulting from such intentional fraud or other intentional wrongful conduct would not be covered under the policy of insurance issued by Auto-Owners or under any coverage contained in such policy.

j.)    The lawsuit contains claims for willful and/or intentional wrongful conduct. Auto-Owners asserts that its policies do not provide coverage for bodily injury or property damage that would be expected or intended from the standpoint of the insured. [See exclusion 2.a., Section I, Coverage A of the Commercial General Liability Coverage.] Auto-Owners also contends that such intentional acts or intentional fraudulent conduct would not constitute an occurrence as defined in the Commercial General Liability Coverage.

k.)    Auto-Owners further contends that it is against the public policy of the State

8

of Alabama for there to be liability coverage for compensatory or punitive damages for intentional torts such as alleged in the complaint, as amended, and particularly for claims of intentional fraud.

12.    Conversely, Wiregrass Properties, Inc., and Thomas Leonard are believed to contend that the Auto-Owners Insurance Company's policy of insurance covers some or all of the allegations, damages and/or actions contained in the complaint.

13.    Auto-Owners is currently providing a defense to Wiregrass Properties, Inc., and Thomas Leonard in the Hughes lawsuit (CV-04-106) under a full and complete reservation of rights including, without limitation, the right to withdraw the defense being provided.

14.    Auto-Owners, therefore, avers that there exists between the parties a genuine controversy regarding whether there is coverage under the insurance policy in question and as to whether Auto-Owners is obligated to provide a defense or indemnity to Wiregrass Properties, Inc., and Thomas Leonard in the above-styled lawsuit filed by Joe Hughes and Faye Hughes and pending in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-106. Auto-Owners requests that the Court declare the rights, obligations and remedies of the parties herein.

**WHEREFORE,** these premises considered, Plaintiff Auto-Owners Insurance Company prays that the Court, after hearing the evidence regarding the allegations of the complaint, will enter a final judgment which orders and declares as follows:

A.    That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage to Wiregrass Properties, Inc., or Thomas Leonard under any coverage in any insurance policy issued by Auto-Owners Insurance

9

Company for any of the claims or damages asserted in the civil action filed by Joe Hughes and Faye Hughes in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-106.

B.    That Plaintiff, Auto-Owners Insurance Company, does not have a duty to defend Wiregrass Properties, Inc., or Thomas Leonard and that Auto-Owners does not have a duty to pay any damages, judgment or settlement based on the events alleged in the civil action filed by Joe Hughes and Faye Hughes in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-106.

C.    That Plaintiff, Auto Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Defendants, Wiregrass Properties, Inc., or Thomas Leonard for any of the claims or damages set forth in the complaint, as amended, and lawsuit filed in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-106.

D.    Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Plaintiff, Auto-Owners Insurance Company, to Defendants, Wiregrass Properties, Inc., and Thomas Leonard.

E.    That the Court grant such other, further, different or appropriate relief to which Plaintiff, Auto-Owners Insurance Company, may be entitled under these premises considered.

## COUNT II

15.    Auto-Owners adopts by reference and realleges paragraphs 1, 2, 3, 5, and 7 of the Parties Section of this complaint for declaratory relief and judgment as if fully set

10

forth herein.

16.    Auto-Owners Insurance Company is an insurance company that from 13 November 2003 to 13 November 2004 had in force a policy of insurance issued to Wiregrass Properties, Inc. The Tailored Protection Policy of insurance contained a Commercial General Liability coverage (CGL) which provided certain insurance coverage as defined and limited in the policy, against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage. Said CGL coverage contained a number of limitations, exclusions, conditions and terms. Attached as Exhibit "1" to this complaint for declaratory relief and judgment are true and correct specimen copies of excerpted portions of the applicable CGL coverage forms and endorsements of the above-referenced Tailored Protection insurance policy (with limits of liability and policy premiums deleted or obscured) for the policy term 13 November 2003 to 13 November 2004. The entire contents of Exhibit "1" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

17.    On or about December 16, 2004, Tom Gassett and Phyllis Gassett filed suit in the Circuit Court for Barbour County, Alabama, Clayton Division.  The suit was styled Tom Gassett and Phyllis Gassett v. Global Group, Inc. d/b/a Global Development, Jarrett Palmer, Warren Palmer, et al., Civil Action No. CV-04-107 (hereinafter sometimes referred to as "CV-04-107" and/or the "Gassett lawsuit").  Tom Gassett and Phyllis Gassett filed their first amendment to the complaint in CV-04-107 on February 7, 2005 and their second amendment to the complaint was filed on June 1, 2005.  In their first amendment to the complaint, Tom Gassett and Phyllis Gassett substituted Thomas Leonard and Wiregrass

11

Properties, Inc. for certain fictitiously named defendants. A true and correct copy of the complaint, first amendment to the complaint and second amendment to the complaint in CV-04-107 are attached hereto as Exhibit "3". The complaint, as amended, in CV-04-107 alleges negligence and/or wantonness (Count I), fraudulent misrepresentation (Count II), breach of contract (Count III), conversion (Count V), breach of an implied warranty of habitability (Count VI), conspiracy (Count VI sic), negligent and/or wanton supervision (Count VII), fraudulent misrepresentation (Count VIII), fraudulent suppression (Count IX). Defendants Thomas Leonard and Wiregrass Properties, Inc., appear to be sued and named as Defendants in CV-04-107 in only Count VI(sic) conspiracy, Count VII negligent and/or wanton supervision, and Count IX fraudulent suppression. The specific allegations of Tom Gassett and Phyllis Gassett in CV-04-107 are set forth in Exhibit "3" to this complaint for declaratory relief and judgment.

18.    It is Auto-Owners' contention and position that its policy of insurance does not provide insurance coverage for all, or alternatively most, of the claims, damages and/or allegations asserted in the Plaintiff's complaint, as amended, in the Gassett lawsuit (CV-04-107). Auto-Owners also contends that some or all of the claims, damages and/or allegations asserted or demanded in the complaint, as amended, are excluded by the policy language, terms, conditions and/or exclusions contained in the policy, all of which are adopted by reference. Auto-Owners contends that it does not owe insurance coverage for the following reasons, among others:

    a.)    The Commercial General Liability coverage contained in the policy (CG00011188) only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property

12

damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period.  Further, the insurance applies to "bodily injury" and "property damage" only if caused by an "occurrence" that takes place in the "coverage territory."  Because of those policy provisions, the complaint, as amended, in CV-04-107 appears to allege claims or seek damages that are not covered by the Auto-Owners Insurance  policies.

b.)    The Commercial General Liability Coverage contained in the Auto-Owners policies requires that the damages because of property damage or bodily injury be caused by an occurrence.  Occurrence is defined in the Commercial General Liability Coverage as being an "accident". The complaint, as amended, in CV-04-107 includes claims that do not allege an occurrence as defined in the Auto-Owners policies.

c.)    The Auto-Owners insurance policy provides in endorsement (CG001), Commercial General Liability Coverage, Section II, in part as follows:

> No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

The Plaintiffs' complaint, as amended, in CV-04-107 appears to allege or seek damages arising out of the conduct of a partnership or joint venture which was not shown as a named insured in the declarations of the policies at issue.  Neither Wiregrass Properties, Inc., Thomas Leonard, nor any other person or organization is insured under the Auto-Owners insurance policies

13

with respect to the conduct of any current or past partnership or joint venture that is not shown as a named insured in the declarations.

d.)    Under the definition of "Insured" contained in the Commercial General Liability Coverage, Section II, Thomas Leonard would not be insured under the Auto-Owners insurance policy for liability arising out of conduct that was not in the line and scope of his employment or duties as an officer or director of the named insured.

e.)    Auto-Owners' Commercial General Liability coverage only provides coverage for damages the insured is legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the policy applies as defined and limited in the particular coverage contained in the policy. Damages claimed by Tom Gassett and Phyllis Gassett in CV-04-107 are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of bodily injury, property damage, personal injury or advertising injury as defined by Auto-Owners' policy of insurance and are not covered by the Auto-Owners policies.

f.)    The complaint, as amended, in CV-04-107 does not allege an advertising or personal injury offense; therefore, the complaint, as amended, does not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Auto-Owners Insurance Tailored Protection policies contains exclusions which could be applicable to some or all of the claims alleged in CV-04-107 even if an advertising injury or personal injury,

14

as defined in the policy, was alleged.

g.)     The complaint, as amended, seeks damages for breach of contract. To the extent the complaint, as amended, alleges breach of contract against Thomas Leonard and/or Wiregrass Properties, Inc., certain terms, conditions, limitations and exclusions in the policy appear applicable. The Commercial General Liability Coverage of the Auto-Owners policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract". Further, Auto-Owners' policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage. The Commercial General Liability Coverage also contains a contractual liability exclusion [exclusion 2.b., Contractual Coverage Amendatory Endorsement 55069 (1-88)].

h.)     Alternatively, and to the extent the complaint, as amended, may allege property damage, Exclusions j, k, l, m and/or n contained in Section I, Coverage A (Bodily Injury and Property Damage Liability) of the Commercial General Liability coverage contained in the Auto-Owners' Tailored Protection Policies may be applicable to exclude all or most of the claims for property damage that may be alleged in the lawsuit.

i.)     The complaint, as amended, seeks the recovery of punitive damages which may be based on willful or intentional fraud or intentional wrongful conduct. It is Auto-Owners' position that punitive damages or compensatory damages

15

resulting from such intentional fraud or other intentional wrongful conduct would not be covered under the policy of insurance issued by Auto-Owners or under any coverage contained in such policy.

j.)    The lawsuit contains claims for willful and/or intentional wrongful conduct. Auto-Owners  asserts that its policies do not provide coverage for bodily injury or property damage that would be expected or intended from the standpoint of the insured. [See exclusion 2.a., Section I, Coverage A of the Commercial General Liability Coverage.] Auto-Owners also contends that such intentional acts or intentional fraudulent conduct would not constitute an occurrence as defined in the Commercial General Liability Coverage.

k.)    Auto-Owners further contends that it is against the public policy of the State of Alabama for there to be liability coverage for compensatory or punitive damages for intentional torts such as alleged in the complaint, as amended, and particularly for claims of intentional fraud.

19.    Conversely, Wiregrass Properties, Inc., and Thomas Leonard are  believed to contend that the Auto-Owners Insurance Company's policy of insurance covers some or all of the allegations, damages and/or actions contained in the complaint, as amended.

20.    Auto-Owners is currently providing a defense to Wiregrass Properties, Inc., and Thomas Leonard in the Gassett lawsuit (CV-04-107) under a full and complete reservation of rights including, without limitation, the right to withdraw the defense being provided.

21.    Auto-Owners, therefore, avers that there exists between the parties a genuine controversy regarding whether there is coverage under the insurance policy in

question and as to whether Auto-Owners is obligated to provide a defense or indemnity to Wiregrass Properties, Inc., and Thomas Leonard in the above-styled lawsuit filed by Tom Gassett and Phyllis Gassett and pending in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-107. Auto-Owners requests that the Court declare the rights, obligations and remedies of the parties herein.

**WHEREFORE,** these premises considered, Plaintiff Auto-Owners Insurance Company prays that the Court, after hearing the evidence regarding the allegations of the complaint, will enter a final judgment which orders and declares as follows:

A.     That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage to Wiregrass Properties, Inc., or Thomas Leonard under any coverage in any insurance policy issued by Auto-Owners Insurance Company for any of the claims or damages asserted in the civil action filed by Tom Gassett and Phyllis Gassett in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-107.

B.     That Plaintiff, Auto-Owners Insurance Company, does not have a duty to defend Wiregrass Properties, Inc., or Thomas Leonard and that Auto-Owners does not have a duty to pay any damages, judgment or settlement based on the events alleged in the civil action filed by Tom Gassett and Phyllis Gassett in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-107.

C.     That Plaintiff, Auto Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Defendants, Wiregrass Properties, Inc., or Thomas Leonard for any of the claims or damages set forth in the

17

complaint, as amended, and lawsuit filed in the Circuit Court of Barbour County, Alabama, Clayton Division, Civil Action No. CV-04-107.

D.    Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Plaintiff, Auto-Owners Insurance Company, to Defendants, Wiregrass Properties, Inc., and Thomas Leonard.

E.    That the Court grant such other, further, different or appropriate relief to which Plaintiff, Auto-Owners Insurance Company, may be entitled under these premises considered.

## COUNT III

22.    Auto-Owners adopts by reference and realleges paragraphs 1, 3, 4, 5, 6 and 7 of the Parties Section of this complaint for declaratory relief and judgment as if fully set forth herein.

23.    Auto-Owners adopts by reference and realleges paragraph 10 of Count I and paragraph 17 of Count II of this complaint for declaratory relief and judgment as if fully set forth herein.

24.    Auto-Owners Insurance Company is an insurance company that from 8 November 2003 to 8 November 2004 had in force a policy of insurance issued to Wiregrass Homebuilders, Inc. The Tailored Protection Policy of insurance contained a Commercial General Liability coverage (CGL) which provided certain insurance coverage as defined and limited in the policy, against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage.   Said CGL   coverage

18

contained a number of limitations, exclusions, conditions and terms. Attached as Exhibit "4" to this complaint for declaratory relief and judgment are true and correct specimen copies of excerpted portions of the applicable CGL coverage forms and endorsements of the above-referenced Tailored Protection insurance policies (with limits of liability and policy premiums deleted or obscured) for the policy terms 8 November 2003 to 8 November 2004. The entire contents of Exhibit "4" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

25.    Wiregrass Homebuilders, Inc., has not been named as a defendant in the Hughes lawsuit (CV-04-106) or the Gassett lawsuit (CV-04-107) and is not believed to be alleged to be liable in either lawsuit; however, Defendant, Thomas Leonard, has been named as a defendant in both lawsuits and Defendant, Thomas Leonard, may assert that he is entitled to coverage for a defense and/or indemnity under the Auto-Owners Insurance Company insurance policy issued to Wiregrass Homebuilders, Inc.

26.    It is Auto-Owners' contention and position that its policy of insurance issued to Wiregrass Homebuilders, Inc., does not provide insurance coverage for Thomas Leonard for the claims, damages and/or allegations asserted in the Hughes lawsuit (CV-04-106) and/or the Gassett lawsuit (CV-04-107) because the liability alleged therein does not arise out of conduct in the line and scope of Thomas Leonard's employment or duties as an officer or director of Wiregrass Homebuilders, Inc.; therefore, Thomas Leonard would not be an "insured" under the Auto-Owners insurance policy issued to Wiregrass Homebuilders, Inc., with respect to the claims, damages and allegations alleged in the Hughes lawsuit and the Gassett lawsuit.

27.    In addition, or in the alternative, Auto-Owners contends that some or all of

19

the claims, damages and/or allegations asserted or demanded in the Hughes lawsuit and the Gassett lawsuit are excluded by the policy language, terms, conditions and/or exclusions contained in the policy issued to Wiregrass Homebuilders, Inc., all of which are adopted by reference. Auto-Owners contends that it does not owe insurance coverage to Thomas Leonard under the insurance policy issued to Wiregrass Homebuilders, Inc., for the following reasons, among others:

- a.) The Commercial General Liability coverage contained in the policy (CG00011188) only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period. Further, the insurance applies to "bodily injury" and "property damage" only if caused by an "occurrence" that takes place in the "coverage territory." Because of those policy provisions, the Hughes lawsuit and the Gassett lawsuit appear to allege claims or seek damages that are not covered by the Auto-Owners Insurance policies.

- b.) The Commercial General Liability Coverage contained in the Auto-Owners policies requires that the damages because of property damage or bodily injury be caused by an occurrence. Occurrence is defined in the Commercial General Liability Coverage as being an "accident". The complaint, as amended, in the Hughes lawsuit and the Gassett lawsuit include claims that do not allege an occurrence as defined in the Auto-Owners policies.

c.)     The Auto-Owners insurance policy provides in endorsement (CG001),

Commercial General Liability Coverage, Section II, in part as follows:

> No person or organization is an insured with
> respect to the conduct of any current or past
> partnership or joint venture that is not shown as
> a Named Insured in the Declarations.

The complaints, as amended, in the Hughes lawsuit and Gassett lawsuit

appear to allege or seek damages arising out of the conduct of a partnership

or joint venture which was not shown as a named insured in the declarations

of the policies at issue. Neither Thomas Leonard, nor any other person or

organization is insured under the Auto-Owners insurance policies with

respect to the conduct of any current or past partnership or joint venture that

is not shown as a named insured in the declarations.

d.)     As stated above, under the definition of "insured" contained in the

Commercial General Liability Coverage, Section II, Thomas Leonard would

not be insured under the Auto-Owners insurance policy for liability arising out

of conduct that was not in the line and scope of his employment or duties as

an officer or director of the named insured.

e.)     Auto-Owners' Commercial General Liability coverage only provides coverage

for damages the insured is legally obligated to pay because of bodily injury,

property damage, personal injury or advertising injury to which the policy

applies as defined and limited in the particular coverage contained in the

policy. Damages claimed in the Hughes lawsuit and the Gassett lawsuit are

in the form of damages to intangible property or damages for pure economic

21

loss or of a contractual nature which are not damages because of bodily injury, property damage, personal injury or advertising injury as defined by Auto-Owners' policy of insurance and are not covered by the Auto-Owners policies.

f.)     The Hughes lawsuit and the Gassett lawsuit do not allege an advertising or personal injury offense; therefore, the Hughes lawsuit and the Gassett lawsuit do not allege damages because of advertising injury or personal injury. Furthermore, Coverage B of the Auto-Owners Insurance Tailored Protection policies contains exclusions which could be applicable to some or all of the claims alleged even if an advertising injury or personal injury, as defined in the policy, was alleged.

g.)     The Hughes lawsuit and the Gassett lawsuit seek damages for breach of contract. To the extent the Hughes lawsuit and the Gassett lawsuit allege breach of contract against Thomas Leonard, certain terms, conditions, limitations and exclusions in the policy appear applicable. The Commercial General Liability Coverage of the Auto-Owners policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract". Further, Auto-Owners' policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage. The Commercial General Liability Coverage also contains a contractual liability exclusion [exclusion 2.b., Contractual Coverage Amendatory Endorsement 55069 (1-88)].

22

h.)    Alternatively, and to the extent the Hughes lawsuit and the Gassett lawsuit may allege property damage, Exclusions j, k, l, m and/or n contained in Section I, Coverage A (Bodily Injury and Property Damage Liability) of the Commercial General Liability coverage contained in the Auto-Owners' Tailored Protection Policies may be applicable to exclude all or most of the claims for property damage that may be alleged in the Hughes lawsuit and the Gassett lawsuit.

i.)    The Hughes lawsuit and the Gassett lawsuit seek the recovery of punitive damages which may be based on willful or intentional fraud or intentional wrongful conduct.    It is Auto-Owners' position that punitive damages or compensatory damages resulting from such intentional fraud or other intentional wrongful conduct would not be covered under the policy of insurance issued by Auto-Owners or under any coverage contained in such policy.

j.)    The Hughes lawsuit and the Gassett lawsuit contain claims for willful and/or intentional wrongful conduct. Auto-Owners asserts that its policies do not provide coverage for bodily injury or property damage that would be expected or intended from the standpoint of the insured. [See exclusion 2.a., Section I, Coverage A of the Commercial General Liability Coverage.] Auto-Owners also contends that such intentional acts or intentional fraudulent conduct would not constitute an occurrence as defined in the Commercial General Liability Coverage.

k.)    Auto-Owners further contends that it is against the public policy of the State

23

of Alabama for there to be liability coverage for compensatory or punitive damages for intentional torts such as alleged in the Hughes lawsuit and the Gassett lawsuit and particularly for claims of intentional fraud.

28.     Conversely, Thomas Leonard is believed to contend that the Auto-Owners Insurance Company policy of insurance issued to Wiregrass Homebuilders, Inc., may cover some or all of the allegations, damages and/or actions contained in the complaint.

29.     Auto-Owners is currently providing a defense to Thomas Leonard in the Hughes lawsuit (CV-04-106) and the Gassett lawsuit (CV-04-107) under the Commercial General Liability coverage contained in the insurance policy issued to Wiregrass Properties, Inc., under a full and complete reservation of rights including, without limitation, the right to withdraw the defense being provided.

30.     Auto-Owners, therefore, avers that there exists between the parties a genuine controversy regarding whether there is coverage owed to Thomas Leonard under the insurance policy in question issued to Wiregrass Homebuilders, Inc., and as to whether Auto-Owners is obligated to provide a defense or indemnity to Thomas Leonard in the Hughes lawsuit or the Gassett lawsuit. Auto-Owners requests that the Court declare the rights, obligations and remedies of the parties herein.

**WHEREFORE,** these premises considered, Plaintiff Auto-Owners Insurance Company prays that the Court, after hearing the evidence regarding the allegations of the complaint, will enter a final judgment which orders and declares as follows:

A.     That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage to Thomas Leonard under any coverage in any insurance policy issued by Auto-Owners Insurance Company to Wiregrass Homebuilders,

24

Inc., for any of the claims or damages asserted in the Hughes lawsuit or the Gassett lawsuit.

B.     That Plaintiff, Auto-Owners Insurance Company, does not have a duty to defend Thomas Leonard and that Auto-Owners does not have a duty to pay any damages, judgment or settlement under any insurance policy issued by Auto-Owners Insurance Company to Wiregrass Homebuilders, Inc., based on the events alleged in the Hughes lawsuit or the Gassett lawsuit.

C.     That Plaintiff, Auto Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Defendant, Thomas Leonard under any insurance policy issued by Auto-Owners Insurance Company to Wiregrass Homebuilders, Inc., for any of the claims or damages set forth in the Hughes lawsuit or the Gassett lawsuit.

D.     Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Plaintiff, Auto-Owners Insurance Company, to Defendant, Thomas Leonard.

E.     That the Court grant such other, further, different or appropriate relief to which Plaintiff, Auto-Owners Insurance Company, may be entitled under these premises considered.

Roger S.  Morrow, MOR032

25

Joel H. Pearson, PEA019
Attorneys for Plaintiff, Auto-Owners Insurance
Company

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:  (334) 262-7707
Facsimile:  (334) 262-7742

**Plaintiff requests service of the alias summons and first amended complaint for declaratory relief and judgment upon the following by certified mail at the following addresses:**

Tom Gassett
326 Kirkwood Drive
Dothan, AL 36303

Phyllis Gassett
326 Kirkwood Drive
Dothan, AL 36303

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing first amended complaint for declaratory relief and judgment upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the _5th_ day of _December_, 2005.

Wiregrass Properties, Inc.
c/o Thomas Leonard
707 N. Pontiac Avenue
Dothan, AL 36303-3227

Thomas Leonard
707 N. Pontiac Avenue
Dothan, AL 36303-3227

Joe Hughes
3200 Clardy Road
Dothan, AL 36303

Faye Hughes
3200 Clardy Road
Dothan, AL 36303

Of Counsel