```
            IN THE UNITED STATES DISTRICT COURT FOR
               THE MIDDLE DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a mutual insurance company incorporated in the State of Michigan,<br><br>PLAINTIFF,<br><br>V.<br><br>WIREGRASS PROPERTIES, INC., a corporation; THOMAS LEONARD, an individual; JOE HUGHES, an individual; FAYE HUGHES, an individual; TOM GASSETT, an individual; and PHYLLIS GASSETT, an individual.<br><br>DEFENDANTS | CASE NO: 1:05-CV-1082-T |

## ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND JUDGMENT

COMES NOW the defendant, Thomas Leonard, and answers the Plaintiff's First Amended Complaint for Declaratory Relief and Judgment as follows:

1. Defendant Thomas Leonard ADMITS the allegations contained in paragraph one of the Complaint.

2. Defendant Thomas Leonard ADMITS the allegations contained in paragraph two of the Complaint

3. Defendant Thomas Leonard ADMITS the allegations contained in paragraph three of the Complaint

4. Defendant Thomas Leonard ADMITS the allegations

contained in paragraph four of the Complaint

    5.   Defendant Thomas Leonard ADMITS the allegations contained in paragraph five of the Complaint.

    6.   Defendant Thomas Leonard ADMITS the allegations contained in paragraph six of the Complaint.

    7.   Defendant Thomas Leonard ADMITS the allegations contained in paragraph seven of the Complaint.

**COUNT I**

    8.   Defendant Thomas Leonard re-incorporates and re-affirms the defendant's answers to paragraphs 1,2,3,4 and 6 as if fully set out herein.

    9.   Defendant Thomas Leonard ADMITS the allegations contained in paragraph nine of the Complaint.

    10.   Defendant Thomas Leonard ADMITS the allegations contained in paragraph ten of the Complaint.

    11. Defendant Leonard DENIES that coverage for all the claims or alternatively most of the claims damages or allegations should not be provided and asserts that, in fact, coverage should be provided. Defendant admits that the policy contains certain definitions and terms including, but not limited to, "bodily injury", "personal injury". Defendant Leonard DENIES there is no coverage and demands strict proof thereof.

12. Defendant Thomas Leonard ADMITS the allegations contained in paragraph twelve of the Complaint.

13. Defendant Thomas Leonard ADMITS the allegations contained in paragraph thirteen of the Complaint.

14. Defendant Thomas Leonard DENIES the allegations contained in paragraph fourteen of the Complaint and demands strict proof thereof.

Defendant Thomas Leonard DENIES the Plaintiff is entitled to the relief requested in Count One and demands strict proof thereof.

## COUNT II

15. Defendant Leonard re-incorporates and re-affirms the defendant's answers to paragraphs 1,2,3,5 and 7 as if fully set out herein.

16. Defendant Thomas Leonard ADMITS the allegations contained in paragraph sixteen of the Complaint.

17. Defendant Thomas Leonard ADMITS the allegations contained in paragraph seventeen of the Complaint.

18. Defendant Leonard DENIES that coverage for all the claims or alternatively most of the claims damages or allegations should not be provided and asserts that, in fact, coverage should be provided. Defendant admits that the policy contains certain definitions and terms including, but not

limited to, "bodily injury", "personal injury". Defendant Leonard DENIES there is no coverage and demands strict proof thereof.

19.   Defendant Thomas Leonard ADMITS the allegations contained in paragraph nineteen of the Complaint.

20.   Defendant Thomas Leonard ADMITS the allegations contained in paragraph twenty of the Complaint.

21.  Defendant Thomas Leonard DENIES the allegations contained in paragraph fourteen of the Complaint and demands strict proof thereof.

Defendant Thomas Leonard DENIES the Plaintiff is entitled to the relief requested in Count Two and demands strict proof thereof.

## COUNT III

22. Defendant Leonard re-incorporates and re-affirms the defendant's answers to paragraphs 1,3,4, 5, 6 and 7 as if fully set out herein.

23.   Defendant Thomas Leonard ADMITS the allegations contained in paragraph twenty-three of the Complaint.

24.   Defendant Thomas Leonard ADMITS the allegations contained in paragraph twenty-four of the Complaint.

25.  Defendant Thomas Leonard ADMITS the allegations contained in paragraph twenty-five of the Complaint.

26. Defendant Thomas Leonard DENIES the allegations contained in paragraph twenty-six of the Complaint and demands strict proof thereof.

27. Defendant Leonard DENIES that coverage for all the claims or alternatively most of the claims damages or allegations should not be provided and asserts that, in fact, coverage should be provided. Defendant admits that the policy contains certain definitions and terms including, but not limited to, "bodily injury", "personal injury". Defendant Leonard DENIES there is no coverage and demands strict proof thereof.

28. Defendant Thomas Leonard ADMITS the allegations contained in paragraph twenty-eight of the Complaint.

29. Defendant Thomas Leonard ADMITS the allegations contained in paragraph twenty-nine of the Complaint.

30. Defendant Thomas Leonard DENIES the allegations contained in paragraph twenty-four of the Complaint and demands strict proof thereof.

31. Defendant Leonard DENIES the plaintiff is entitled to the relief sought in Count Three of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant, Thomas Leonard, asserts the Affirmative Defense of Fraud.

### SECOND AFFIRMATIVE DEFENSE

Defendant, Thomas Leonard, asserts the Affirmative Defense of Payment.

### THIRD AFFIRMATIVE DEFENSE

Defendant, Thomas Leonard, asserts the Affirmative Defense of Statute of Frauds.

### FOURTH AFFIRMATIVE DEFENSE

Defendant, Thomas Leonard, asserts the Affirmative Defense of Good Faith.

### FIFTH AFFIRMATIVE DEFENSE

Defendant, Thomas Leonard, asserts the Affirmative Defense of Truth.

### SIXTH AFFIRMATIVE DEFENSE

Defendant, Thomas Leonard, asserts the Affirmative Defense of Latches.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant, Thomas Leonard, asserts the Affirmative

Defense of Waiver.

 Dated this the 15TH day of December, 2005.

            PARKMAN, ADAMS & WHITE

| s/ James W. Parkman, III | S/ R. Martin Adams |
|---|---|
| JAMES W. PARKMAN, III (PAR032) | R. MARTIN ADAMS (ADA046) |
| ATTORNEY FOR | ATTORNEY FOR |
| DEFENDANT THOMAS LEONARD | DEFENDANT THOMAS LEONARD |
| 739 WEST MAIN ST | 739 WEST MAIN STREET |
| DOTHAN, AL 36301 | DOTHAN, AL 36301 |
| (334) 792-1900 | (334) 792-1900 |
| (334) 712-1352 FAX | (334) 712-1352 FAX |

            S/ William C. White, II
            WILLIAM C. WHITE, II (WHI109)
            ATTORNEY FOR
            DEFENDANT THOMAS LEONARD
            739 WEST MAIN ST
            DOTHAN, AL 36301
            (334) 792-1900
            (334) 712-1352 FAX

## **CERTIFICATE OF SERVICE**

 I hereby certify that I have filed the foregoing using the CM/ECF filing system, with the Clerk serving a copy of the foregoing upon the following attorneys:

Joel H. Pearson
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804


Roger Stephen Morrow
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804

Christina Diane Crow
Jinks, Daniel & Crow, LLC
P.O.Box 350
Union Springs, AL 36089-0350


Dated this the 15TH day of December, 2005.

                                            S/ William C. White, II
                                            OF COUNSEL