IN  THE  UNITED  STATES  DISTRICT  COURT  FOR
THE  MIDDLE  DISTRICT  OF  ALABAMA
SOUTHERN  DIVISION

AUTO-OWNERS  INSURANCE          *
COMPANY,  a  mutual  insurance   *
company  incorporated  in  the   *
State  of  Michigan,             *
                                 *
PLAINTIFF,                       *
                                 *
V.                               *   CASE NO: 1:05-CV-1082-T
                                 *
WIREGRASS  PROPERTIES,  INC.,    *
a  corporation;  THOMAS          *
LEONARD,an  individual;          *
JOE  HUGHES,an  individual;      *
FAYE  HUGHES,  an  individual;   *
TOM  GASSETT,  an  individual;   *
and  PHYLLIS  GASSETT,  an       *
individual.                      *
                                 *
DEFENDANTS                       *

**ANSWER  TO  FIRST  AMENDED  COMPLAINT
FOR  DECLARATORY  RELIEF  AND  JUDGMENT**

COMES  NOW  the  defendant,  Wiregrass  Properties,  and
answers  the  Plaintiff's  First  Amended  Complaint  for
Declaratory  Relief  and  Judgment  as  follows:

1.    Defendant  Wiregrass  Properties  ADMITS  the
allegations  contained  in  paragraph  one  of  the  Complaint.

2.     Defendant  Wiregrass  Properties  ADMITS  the
allegations  contained  in  paragraph  two  of  the  Complaint

3.     Defendant  Wiregrass  Properties  ADMITS  the
allegations  contained  in  paragraph  three  of  the  Complaint.

4.     Defendant  Wiregrass  Properties  ADMITS  the

allegations contained in paragraph four of the Complaint

5.   Defendant Wiregrass Properties ADMITS the allegations contained in paragraph five of the Complaint.

6.   Defendant Wiregrass Properties ADMITS the allegations contained in paragraph six of the Complaint.

7.   Defendant Wiregrass Properties ADMITS the allegations contained in paragraph seven of the Complaint.

## COUNT I

8.   Defendant Wiregrass Properties re-incorporates and re-affirms the defendant's answers to paragraphs 1,2,3,4 and 6 as if fully set out herein.

9.   Defendant Wiregrass Properties ADMITS the allegations contained in paragraph nine of the Complaint.

10.  Defendant Wiregrass Properties ADMITS the allegations contained in paragraph ten of the Complaint.

11.  Defendant Wiregrass Properties DENIES  that coverage for all the claims or alternatively most of the claims damages or allegations should not be provided and asserts that, in fact, coverage should be provided. Defendant admits that the policy contains certain definitions and terms including, but not limited to, "bodily injury", "personal injury". Defendant DENIES there is no coverage and demands strict proof thereof.

12.  Defendant Wiregrass Properties ADMITS the

allegations contained in paragraph twelve of the Complaint.

13. Defendant Wiregrass Properties ADMITS the allegations contained in paragraph thirteen of the Complaint.

14. Defendant Wiregrass Properties DENIES the allegations contained in paragraph fourteen of the Complaint and demands strict proof thereof.

Defendant Wiregrass Properties DENIES the Plaintiff is entitled to the relief requested in Count One and demands strict proof thereof.

## COUNT II

15. Defendant Wiregrass Properties re-incorporates and re-affirms the defendant's answers to paragraphs 1,2,3,5 and 7 as if fully set out herein.

16. Defendant Wiregrass Properties ADMITS the allegations contained in paragraph sixteen of the Complaint.

17. Defendant Wiregrass Properties ADMITS the allegations contained in paragraph seventeen of the Complaint.

18. Defendant Wiregrass Properties DENIES that coverage for all the claims or alternatively most of the claims damages or allegations should not be provided and asserts that, in fact, coverage should be provided. Defendant admits that the policy contains certain definitions and terms including, but not limited to, "bodily injury", "personal injury". Defendant

DENIES there is no coverage and demands strict proof thereof.

19. Defendant Wiregrass Properties ADMITS the allegations contained in paragraph nineteen of the Complaint.

20. Defendant Wiregrass Properties ADMITS the allegations contained in paragraph twenty of the Complaint.

21. Defendant Wiregrass Properties DENIES the allegations contained in paragraph fourteen of the Complaint and demands strict proof thereof.

Defendant Wiregrass Properties DENIES the Plaintiff is entitled to the relief requested in Count Two and demands strict proof thereof.

## COUNT III

22. Defendant Wiregrass Properties re-incorporates and re-affirms the defendant's answers to paragraphs 1,3,4, 5, 6 and 7 as if fully set out herein.

23. Defendant Wiregrass Properties ADMITS the allegations contained in paragraph twenty-three of the Complaint.

24. Defendant Wiregrass Properties ADMITS the allegations contained in paragraph twenty-four of the Complaint.

25. Defendant Wiregrass Properties ADMITS the allegations contained in paragraph twenty-five of the

Complaint.

26.  Defendant Wiregrass Properties DENIES the allegations contained in paragraph twenty-six of the Complaint and demands strict proof thereof.

27.  Defendant Wiregrass Properties DENIES that coverage for all the claims or alternatively most of the claims damages or allegations should not be provided and asserts that, in fact, coverage should be provided. Defendant admits that the policy contains certain definitions and terms including, but not limited to, "bodily injury", "personal injury". Defendant Leonard DENIES there is no coverage and demands strict proof thereof.

28.  Defendant Wiregrass Properties ADMITS the allegations contained in paragraph twenty-eight of the Complaint.

29.  Defendant Wiregrass Properties ADMITS the allegations contained in paragraph twenty-nine of the Complaint.

30.  Defendant Wiregrass Properties DENIES the allegations contained in paragraph thirty of the Complaint and demands strict proof thereof.

31.  Defendant Wiregrass Properties DENIES the plaintiff is entitled to the relief sought in Count Three of the

Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant, Wiregrass Properties, asserts the Affirmative Defense of Fraud.

### SECOND AFFIRMATIVE DEFENSE

Defendant, Wiregrass Properties, asserts the Affirmative Defense of Payment.

### THIRD AFFIRMATIVE DEFENSE

Defendant, Wiregrass Properties, asserts the Affirmative Defense of Statute of Frauds.

### FOURTH AFFIRMATIVE DEFENSE

Defendant, Wiregrass Properties, asserts the Affirmative Defense of Good Faith.

### FIFTH AFFIRMATIVE DEFENSE

Defendant, Wiregrass Properties, asserts the Affirmative Defense of Truth.

### SIXTH AFFIRMATIVE DEFENSE

Defendant, Wiregrass Properties, asserts the Affirmative Defense of Latches.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant, Wiregrass Properties, asserts the Affirmative

Defense of Waiver.

    Dated this the 16TH day of December, 2005.

                                PARKMAN, ADAMS & WHITE

s/ James W. Parkman, III       S/ R. Martin Adams
JAMES W. PARKMAN, III (PAR032)  R. MARTIN ADAMS (ADA046)
ATTORNEY FOR                  ATTORNEY FOR
DEFENDANT Wiregrass Properties  Wiregrass Properties
739 WEST MAIN ST         739 WEST MAIN STREET
DOTHAN, AL 36301         DOTHAN, AL 36301
(334) 792-1900           (334) 792-1900
(334) 712-1352 FAX       (334) 712-1352 FAX

                          S/ William C. White, II
                          WILLIAM C. WHITE,II (WHI109)
                          ATTORNEY FOR
                          Wiregrass Properties
                          739 WEST MAIN ST
                          DOTHAN, AL 36301
                          (334) 792-1900
                          (334) 712-1352 FAX

## CERTIFICATE OF SERVICE

    I hereby certify that I have filed the foregoing using the CM/ECF filing system, with the Clerk serving a copy of the foregoing upon the following attorneys:

Joel H. Pearson
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804


Roger Stephen Morrow
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804

Christina Diane Crow
Jinks, Daniel & Crow, LLC
P.O.Box 350
Union Springs, AL 36089-0350


Dated this the 16TH day of December, 2005.


                                        S/ William C. White, II
                                        OF COUNSEL