IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) CASE NO. 1:05-cv-1082-T ) |
| WIREGRASS PROPERTIES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

### MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY

COME NOW the Defendants Tom Gassett and Phyllis Gassett and move the Court to dismiss the complaint filed by Auto-Owners Insurance Company. As grounds therefore, the Defendants show unto the Court as follows:

1. The insurance coverage issues raised by Auto-Owenrs Insurance Company are not ripe for determination as there is a damage suit filed by Tom and Phyllis Gassett against Defendants Wiregrass Properties, Inc. and Thomas Leonard pending in the Circuit Court of Barbour County. The Barbour County suit is still in the discovery stage and no judgments have been entered. It would be inappropriate for this Court to entertain jurisdiction over this declaratory judgment action because there is no case or controversy between the parties at this time. Atlanta Gas Light Co. v. Aetna Casualty and Surety Company, 68 F.3d 409 (11th Cir. 1995). If a judgment is ultimately entered in favor of Wiregrass and Leonard in the Barbour County suit, the issue of whether Auto-Owners has a duty to indemnify Wiregrass and Leonard would never arise. That being true, the weight of authority instructs that this Court should not entertain jurisdiction over this action, at least as to the duty to indemnify issue, State Farm Fire and Gas Co. v. Middleton, 65F

Supp. 1240 (M.D. Ala. 1999); Allstate Indemnity Co. v. Lewis, 985 F. Supp. 1341 (M.D. Ala. 1997); and Assurance Company of America v. Legendary Home Builders, 305 F. Supp. 2d 1266 (S.D. Ala. MacMillan- Bloedel v. Fireman's Fund Insurance Co., 558 F. Supp. 596 (N.D. Ala. 1983) (*but see* Employers Mutual Casualty Co. v. Evans, 76 F. Supp. 2d (N.D. 1999) (Judge Propst denies insured's motion to dismiss declaratory action filed while underlying damage suit still in litigation)).

2.  Even though the issue of the duty to defend may technically be ripe, this Court should exercise its broad discretion against entertaining this declaratory judgment action at this time. The Complaint in the underlying case contains a number of causes of action, including negligence, and it alleges that the plaintiffs in the underlying case have suffered personal injury and mental anguish, both of which are believed to be covered under the Auto-Owner's policy. Moreover, it is possible that the pleadings in the underlying case could be amended to add additional claims which would raise new issues as to the duty to defend. Indeed, the Alabama Supreme Court has cautioned insurance companies about the risks they run in obtaining early decisions on the duty to defend. See Tapscott v. Allstate Insurance Co., 520 So.2d 570 (Ala. 1988). Moreover, if an insurance carrier is defending a case under a reservation of rights, as Auto-Owner's appears to be doing in this case, and fails to keep its insured advised of developments, the insurer may lose its right to contest coverage. Given the fluid nature of the duty to defend, the fact that the duty to defend is much broader than the duty to indemnify and the existence of a state court procedural vehicle adopted by the Alabama Supreme Court in which these issues can be resolved in the underlying tort litigation, this Court should exercise its discretion and dismiss this case. Universal Underwriters Insurance Company v. East Alabama Ford-Lincoln –Mercury, 574 So. 2d 716 (Ala. 1990) (bifurcated trial permitted).

For the reasons cited above, the defendants Tom and Phyllis Gassett request that this Court dismiss the Declaratory Judgment Action in its entirety or stay it pending the outcome of the Barbour County suit.

/s/ Christina D. Crow
Christina D. Crow
Attorney for Defendants Tom and Phyllis Gassett

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
Post Office Box 350
Union Springs, Alabama 36089
(334) 738-4225

PENN & SEABORN, LLC
Post Office Box 688
Clayton, Alabama 36016
(334) 775-9778

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this 16 day of Dec., 2005:

Roger S. Morrow
MORROW, ROMINE & PEARSON, P.C.
P. O. Box 4804
Montgomery, AL 36103-4804

/s/ Christina D. Crow
OF COUNSEL