# EXHIBIT "11"

Case 1:05-cv-01082-MHT-VPM   Document 27-12   Filed 01/06/2006   Page 1 of 12

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | | |
|---|---|---|
| TOM GASSETT and PHYLLIS GASSETT | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CV-2004-107 |
| | * | |
| WIREGRASS PROPERTIES, INC., et al., | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT, WIREGRASS PROPERTIES, INC.'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION**

COMES NOW, Defendant, Wiregrass Properties, Inc. (hereinafter referred to as "Defendant"), and in response to Plaintiff's First Interrogatories and Request for Production, answers as follows:

1. Is the particular Defendant responding to this interrogatory correctly named in the Complaint?

   RESPONSE: Yes.

2. If the answer to interrogatory #1, is no, then please state the correct legal name of this Defendant.

   RESPONSE: See response to interrogatory no. 1.

3. If the entity answering these interrogatories is a corporation or business, please state:

   a. The name and address of any holder of more than 10% of the capital stock of this activity.

   b. The name and address of each member of the board of directors from 1995 to present.

    c.    The name and address of each officer of the corporation or company.

RESPONSE: (a) Tom Leonard; (b) Tom Leonard, Wynell S. Leonard; (c) Tom Leonard, President.

4. Please state your correct address, phone number, social security number and/or tax identification number.

RESPONSE: Wiregrass Properties, 1312 Sioux Street, Dothan, Alabama 36303, federal tax identification no. 63-1096746.

5. Prior to the filing of this lawsuit, have you had any conversations or meetings with any other individual regarding problems experienced or conditions present at or on the property owned by the Plaintiffs.

RESPONSE: Objection. This Defendant hereby objects to this interrogatory to the extent it assumes facts not in evidence. Specifically, the Plaintiffs do not own the property made the basis of their Complaint. In addition, this Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or information generated in anticipation of litigation. Furthermore, this Defendant objects to this interrogatory on the basis that it is overly broad and contains ambiguous terms therein. Without waiving the forgoing objection, this Defendant responds by stating: Yes.

6. If your answer to the proceeding interrogatory was yes, then please describe in detail the date and substance of any such conversation.

RESPONSE: Objection. This Defendant hereby objects to this interrogatory to the extent it assumes facts not in evidence. Specifically, the Plaintiffs do not own the property made the basis of their Complaint. Furthermore, this Defendant

objects to this interrogatory on the basis that it is overly broad and contains ambiguous terms therein. Without waiving the forgoing objection, this Defendant responds by stating: Tom Leonard, on behalf of this Defendant, had conversations and meetings with Thomas Sides of the Homebuilders Association of Alabama as well as conversations with Jarrett Palmer and Warren Palmer. All meetings and conversations with these individuals were regarding the circumstances surrounding the current status of the construction of the home made the basis of the Plaintiff's Complaint.

7. Have you had any conversation or meeting whatsoever with the Plaintiffs? If so, please describe in detail the date and substance of any such conversation.

RESPONSE: Yes. Tom Leonard, on behalf of this Defendant, met with the Plaintiffs regarding the status of the construction of the home made the basis of the Plaintiff's Complaint. To the best of this Defendant's knowledge, this meeting occurred in November of 2004.

8. Do you claim or contend that the Plaintiffs are in any way responsible themselves for problems experienced by them relating to their home, the construction of their home or any defect present in their home or property. If so, please describe in detail your basis for such claim, including in and all documentary evidence or testimony expected to be adduced by you as a basis for such claim.

RESPONSE: This Defendant is without sufficient information or knowledge to respond to this interrogatory.

9. To your knowledge, does the home of the Plaintiffs contain any violation of any building code to which it is subject? If so, please state and describe in detail the

        design or construction defect, error, failure, or other matter which constitutes such code violation.

        RESPONSE: Not that this Defendant aware.

10. Please give the full name, address and telephone number of any witness which you expect to call at the trial of this case.

        RESPONSE: This Defendant has not yet determined the identity of witnesses that it may call at the trial of this case. The response to this interrogatory will be supplemented in accordance with the Alabama Rules of Civil Procedure and any scheduling order originating from the court.

11. Please state the full, name, address and telephone number of any expert which you intend to call as a witness at the trial of this case. With regard to the testimony of this expert witness, please state the area of expertise of such expert, a summary of his opinions and conclusions and a summary of the basis for each such opinion or conclusion, together with any document or tangible evidence relied on as a basis for such opinion or conclusion.

        RESPONSE: This Defendant has not yet determined whether it will call any expert witness to testify at the trial of this matter. The response to this interrogatory will be supplemented in accordance with the Alabama Rules of Civil Procedure and any scheduling order originating from the court.

12. Do you have any insurance policy which insures you or indemnifies you for any claim made by the Plaintiff in this action, including any excess or umbrella policy? If so, please state the policy limits of each such policy and attach a copy of each such insurance policy to your response to these discovery requests.

RESPONSE: Objection. Alabama Rules of Civil Procedure 26(b)(2) does not automatically make the limits of an insurance policy subject to discovery. The Committee Comments regarding the 1995 amendments simply state that the amendments make, "... insurance agreements generally discoverable." ALABAMA RULES OF CIVIL PROCEDURE Rule 26(b)(2) (1995). According to the Alabama Supreme Court, the punitive damage phase of a trial, if there is one, is the appropriate time for such disclosure. Life Insurance Company of Georgia v. Johnson, No. 1940357, 1995 WL 683857, at * 15 (Ala. 1995). The amendment together with the case law suggest that limits may become discoverable in uninsured motorist cases and in cases where a jury believes punitive damages should be considered. Without waiving the forgoing objection, this Defendant responds by stating: This Defendant was issued a policy of general liability insurance by Auto-Owners which has issued a reservation of rights relevant to the applicability of said policy to the claims made the basis of the Plaintiffs' Complaint.

13. Please list each and every attempt made by this Defendant to repair the defects or deficiencies in the Plaintiffs' home. For each such attempt, list the date of the repair attempt, what problem was identified, what repair was attempted, and whether the problem identified was actually repaired.

RESPONSE: Objection. This Defendant hereby objects to this interrogatory to the extent it assumes facts not in evidence. Specifically, the Plaintiffs do not own the home made the basis of their Complaint. Without waiving the foregoing objection, This Defendant responds by stating: This Defendant has made no

attempt to repair the alleged defects and deficiencies in home made the basis if the Plaintiffs' Complaint.

14. Please list each and every time you or anyone on your behalf inspected the Plaintiffs' home. Include in your response to this interrogatory the date of said inspection, the person or persons conducting said inspection, and the result of any said inspection.

RESPONSE: Objection. This Defendant objects to this interrogatory to the extent it assumes facts not in evidence. Specifically, the Plaintiffs do not own the home made the basis of their Complaint. Without waiving the forgoing objection, this Defendant responds by stating: This Defendant has made no inspection of the home made the basis of the Plaintiffs' Complaint.

15. Please list each and every person who provided financing for the construction of the Plaintiffs' house, the amount of financing provided, and the use of said money.

RESPONSE: Objection. This Defendant hereby objects to this interrogatory on the basis that it assumes facts not in evidence. Specifically, the Plaintiffs do not own the home made the basis of their Complaint. Without waiving the forgoing objection, this Defendant responds by stating: Wiregrass Properties.

16. Please describe the relationship between this Defendant and:

    a. Warren Palmer

    b. Jarrett Palmer

    c. Construction Services

    d. Global Group, Inc. d/b/a Global Development

    e.    Tom Leonard

    f.    IPI Skyscraper

    g.    Wiregrass Construction

RESPONSE: Objection. This Defendant hereby objects to this interrogatory on the basis of the ambiguous term contained therein, as this Defendant is uncertain as to what is meant by the term "relationship." Furthermore, this Defendant objects to the assumption that there exists a relationship between the individuals and entities listed in this interrogatory and this Defendant. Without waiving the foregoing objection, this Defendant responds by stating: (a) this Defendant has no business relationship with Warren Palmer (b) this Defendant has no relationship with Jarrett Palmer (c) this Defendant has no relationship with Construction Services; (d) this Defendant entered into an agreement with Global Group to finance the construction of the home made the basis of the Plaintiffs' Complaint; (e) Tom Leonard is the President of Wiregrass Properties and is the individual answering these interrogatories on its behalf; (f) this defendant has no relationship with IPI Skyscraper.

## DOCUMENTS REQUESTED

1. Your entire file relating to the Plaintiffs or to their house.

    RESPONSE: See attached.

2. Any and all reports, studies, or inspections in your possession relating to the home of the Plaintiffs.

    RESPONSE: This Defendant is not in possession of any of the documents relevant to this request.

3. Any and all written communications, memos, or other documents between you and the Plaintiffs.

RESPONSE: This defendant is not in possession of any of the documents relevant to this request.

4. Any and all letters, reports, complaints or documents in your possession relating to problems in the design, sight preparation, or construction of the Plaintiffs' home.

RESPONSE: This defendant is not in possession of any of the documents relevant to this request.

5. Any and all inspection reports generated by you or provided to you regarding the Plaintiffs' home.

RESPONSE: This defendant is not in possession of any of the documents relevant to this request.

6. Any and all check stubs, returned check, bank statements, or other records that reflect monies spent by you on the Plaintiffs' home.

RESPONSE: See attached.

7. Any and all documents relating to financing for all or part of the construction of the Plaintiffs' home.

RESPONSE: See attached.

8. Any and all documents that reflect payments or monies received by this Defendant from Warren Palmer from January 1, 2004, to the present.

RESPONSE: This defendant is not in possession of any of the documents relevant to this request.

9.  Any and all documents that reflect payments or monies received by this Defendant from Jarrett Palmer from January 1, 2004, to the present.

    RESPONSE: This defendant is not in possession of any of the documents relevant to this request.

10. Any and all documents that reflect payments or monies received by this Defendant from Construction Services from January 1, 2004, to the present.

    RESPONSE: This defendant is not in possession of any of the documents relevant to this request.

11. Any and all documents that reflect payments or monies received by this Defendant from Global Group, Inc. d/b/a Global Development from January 1, 20045, to the present.

    RESPONSE: This defendant is not in possession of any of the documents relevant to this request.

12. Any and all documents that reflect payments or monies received by this Defendant from Thomas Leonard from January 1, 2004, to the present.

    RESPONSE: This defendant is not in possession of any of the documents relevant to this request.

13. Any and all documents that reflect payments or monies received by this Defendant from IPI Skyscraper from January 1, 2004, to the present.

    RESPONSE: This defendant is not in possession of any of the documents relevant to this request.

DEFENDANT:

By: *[signature: Thomas A. Leonard]*

Its: _Thomas F. Hynes_ (signature)

Sworn to and subscribed before me this the **31st** day of **March**, 2005.

_____ (signature)
Notary Public
My Commission Expires: **9-07**

[ s e a l ]

                ATTORNEYS FOR DEFENDANT –
                WIREGRASS PROPERTIES, INC.:

                _____ (signature)
                HERMAN COBB (COB004)
                LEON A. BOYD, V (BOY035)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
334-677-3000
334-677-0030 (fax)

CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 1st day of APRIL, 2005.

Christina D. Crow, Esq.
PO Box 350
Union Springs, Alabama 36089

L. Shane Seaborn, Esq.
PO Box 688
Clayton, Alabama 36016

Jarrett Palmer
806 Highland Street
Dothan, Alabama 36301

Warren palmer
103 Yale Court
Dothan, Alabama 36303

Albert Adams, Jr., Esq.
Russell Irby, Esq.
PO Box 910
Eufaula, Alabama 36072-0910

_____
OF COUNSEL